**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SHARON SWEENEY** **PLAINTIFF**

**v.** **CASE NO. 4:25-CV-00232-BSM**

**CENTRAL ARKANSAS WATER** **DEFENDANT**

**ORDER**

Central Arkansas Water's motion for summary judgment [Doc. No. 14] is granted, and Sharon Sweeney's claims are dismissed with prejudice.

I. BACKGROUND

Sharon Sweeney was a water quality manager at Central Arkansas Water until she was fired on August 13, 2024, for randomly testing positive for marijuana. Pl.'s Resp. Def.'s Statement Undisputed Material Facts ("SUMF"), ¶¶ 1, 3, 48–57, Doc. No. 17. Sweeney's job was a safety-sensitive position under Central Arkansas's Drug-Free and Alcohol-Free Workplace Policy ("Policy"), so she was prohibited from ingesting marijuana and was subject to random drug tests. *Id.* ¶¶ 7–8.

In 2020, the Policy was modified when a male employee was suspended for one day after testing positive for THC and claimed the positive result was likely due to an over-the-counter CBD oil. *Id.* ¶¶ 9–10. The updated Policy requires employees to ensure that any over-the-counter products they use comply with the Policy. *Id.* ¶¶ 9–11. Since the update, every employee who has tested positive for drugs, consisting of seven men and two women, has been fired. *Id.* ¶¶ 12, 59, 77.

Sweeney maintains that she did not use marijuana and is unsure why she tested positive. *Id.* ¶¶ 29 & 32, Ex. 3. She also points out that she was selected for random drug testing seven months after she reported a coworker to Human Resources for saying that "all the men around the table should get a [bonus]." *Id.* ¶¶ 15, 28, 44, 81. Notwithstanding these points of concern, her sample was retested but again tested positive. *Id.* ¶¶ 35 & 40. Sweeney believes both tests were tampered with, improperly tested, or otherwise inaccurate. *Id.* ¶ 40.

Sweeney is suing Central Arkansas for sex discrimination and retaliation under Title VII and the Arkansas Civil Rights Act ("ACRA"). Compl. at 13, Doc. No. 1. Central Arkansas moves for summary judgment. Summary judgment is granted.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in her pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in the light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Summary judgment is granted on Sweeney's discrimination and retaliation claims.

### A. Discrimination

Sweeney argues that she was fired because of her sex and not because she tested positive for marijuana. Sweeney lacks direct evidence of discrimination, so she must show that discrimination can be inferred from defendant's actions. *See Harris v. Hays*, 452 F.3d 714, 717–18 (8th Cir. 2006); *see also Kim v. Nash Finch Co.*, 123 F.3d 1046, 1056 (8th Cir. 1997) (Title VII and section 1981 discrimination cases involve the same three-part *McDonnell Douglas* framework); *McCullough v. Univ. Ark. Med. Scis.*, 559 F.3d 855, 860 (8th Cir. 2009) (same analysis applies to ACRA claims). This requires her to establish a prima facie case of discrimination. *Id.* If she does so, Central Arkansas must provide a legitimate, non-discriminatory reason for her termination. *Id.* Sweeney must then show that Central Arkansas's reason is pretext for discrimination. *Id.*

#### *1. Prima Facie Case of Discrimination*

To establish a prima facie case, Sweeney must show that (1) she is a member of a protected class; (2) she met Central Arkansas's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances create an inference of discrimination. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 964 (8th Cir. 2023); *see also Kim*, 123 F.3d at 1056 (Title VII and section 1981 discrimination elements are identical). The first and third elements are undisputed. *See* Def.'s Br. Supp. Mot. Summ. J. ("Def.'s Brief"), 16–17, Doc. No. 14. Summary judgment is appropriate because Sweeney fails to satisfy elements two and

four.

a. Legitimate Expectations

Sweeney has failed to show that she met Central Arkansas's legitimate expectations because she tested positive for marijuana. *See Wright v. Winnebago Indus., Inc.*, 551 F. Supp. 2d 836, 847 (N.D. Iowa 2008) (an employee who violates a "significant company policy" is not meeting an employer's legitimate expectations). Sweeney occupied a safety-sensitive position and tested positive for marijuana, which explicitly violated the Policy. SUMF ¶¶ 8 & 29. Central Arkansas has a legitimate expectation that its employees occupying safety-sensitive positions will not test positive for drugs.

b. Inference of Discrimination

Sweeney must show that discrimination can be inferred from the facts. *Yang*, 79 F.4th at 964. To do this, she may show: (a) that more favorable treatment was given to similarly situated employees who are not in her protected class; (b) biased comments from a decision maker; or (c) that Central Arkansas failed to follow its own policies. *Grant v. City of Blytheville*, 841 F.3d 767, 774 (8th Cir. 2016). Sweeney points to two male employees who violated the earlier version of the Policy and were not fired. SUMF ¶ 12. These examples, however, do not present fair comparators because (1) both of these incidents were before the 2020 revisions to the Policy and (2) neither of these employees were in management positions like Sweeney. *Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000) (Comparators must be "similarly situated in all relevant aspects . . . without any mitigating or distinguishing differences."). After the 2020 Policy revisions, everyone who tested positive for drugs,

including seven men and two women, was fired. SUMF ¶¶ 58–59.

Although Sweeney attempts to show that a culture of sexism existed at Central Arkansas, the record does not support this argument. For example, after a co-worker made sexist comments, he was reprimanded. SUMF ¶ 85. And, although Sweeney argues that her supervisor, Sam Zehteban, became defensive when she reported her co-worker's comments, this does not establish an inference of discriminatory motive or bias. Although Zehteban commented that Sweeney also makes jokes at work, this comment is sex-neutral. *See Cage v. Multiband, Inc.*, 2015 WL 687120 at *5, 7 (E.D. Mo. Feb. 18, 2025) (finding no inference of race discrimination from a race-neutral statement when the plaintiff had a history of policy violations); *see also Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 427 (8th Cir. 1999) (finding a supervisor calling younger employees "kids" did not create an inference of discrimination against older employees).

The record clearly shows that Central Arkansas consistently and strictly followed its Policy following the 2020 revision. Had Central Arkansas failed to fire Sweeney, it would have deviated from its routine practice since the 2020 Policy update.

*2. Legitimate Nondiscriminatory Reason*

Even if Sweeney could establish a prima facie case, Central Arkansas has provided a legitimate reason for firing her: a positive drug test. Sweeney's failed drug test created a reasonable belief that Sweeney violated the Policy. SUMF ¶¶ 28, 35–43. The fact that Sweeney denies using marijuana is immaterial to whether the positive test can form a legitimate basis for her termination. *See Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 935

(8th Cir. 2006) (holding that a legitimate reason does not have to be factually correct as long as the employer honestly believed the employee violated policy). This is especially true considering that her urine sample was retested and confirmed to be positive for marijuana. Nothing in the record indicates Central Arkansas had any reason to believe that either test was invalid.

*3. Pretext*

Sweeney argues the drug test results were pretext because Central Arkansas did not fire every man who tested positive for drugs. This argument is unconvincing because all seven men who failed drug tests after the 2020 update were fired. SUMF ¶¶ 58–59. The two occasions cited by Sweeney in which men were not fired include one that occurred a decade before Sweeney was fired and the other involves the employee who sparked the 2020 Policy update. *Id.* ¶ 12.

B. Retaliation Claim

Sweeney also claims her termination was retaliation for reporting a coworker's sexist comment in December 2023.

*1. Prima Facie Case of Retaliation*

To establish a prima facie case of retaliation, Sweeney must show that (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged action to be materially adverse; and (3) there is a causal link between the materially adverse action and her protected conduct. *Recio v. Creighton Univ.*, 521 F.3d 934, 938–39 (8th Cir. 2008). The first two elements are undisputed, Def.'s Brief at 19–20, but Sweeney has failed to satisfy

the third element.

Sweeney cannot establish the third element because she cannot show that her report to H.R. was the but-for cause of her termination. *Univ. Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). This requirement is stringent—the protected conduct must be a determinative factor in the adverse action, not just a motivating factor. *Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1148 (8th Cir. 2008). Sweeney fails to meet this burden for two reasons. First, she was terminated more than eight months after she made the report to H.R., which is too long to show a causal link. *Weger v. City of Ladue*, 500 F.3d 710, 727 ("[A]n interval as brief as two months did not show causation for purposes of establishing a retaliation claim.") (quoting *Lewis v. St. Cloud State Univ.*, 467 F.3d 1133, 1138 (8th Cir. 2006)) (citation modified). Second, her failed drug test and confirming retest occurred between the time she made the report and the time she was terminated. *Thomas v. Marshall Pub. Sch.*, 152 F.4th 884, 892 (8th Cir. 2025) ("[A]n intervening event that independently justified adverse disciplinary action can sever any inference that protected activity caused the adverse action.") (citation modified).

*2. Legitimate Nondiscriminatory Reason*

Even if Sweeney could establish a prima facie case, her positive drug test and retest are legitimate nondiscriminatory reasons for termination, especially given the safety-sensitive position she held.

*3. Pretext*

Sweeney argues that her positive drug tests were pretext for her firing because the real

reason was her report to H.R. Given all of the facts herein, including the distance between the time of her report, her termination, and the lack of any other evidence suggesting Central Arkansas sought to retaliate because of Sweeney's report, this is not enough to show pretext.

IV. CONCLUSION

For these reasons, Central Arkansas's motion for summary judgment is granted and Sweeney's complaint is dismissed with prejudice.

IT IS SO ORDERED this 17th day of September, 2026.

UNITED STATES DISTRICT JUDGE